(221 P.3d 618)
No. 101,573

DICK PROPERTIES, LLC, *Appellant*, v. PAUL H. BOWMAN TRUST, and LOUIS D. BOWMAN, Successor Trustee, *Appellees*.

Opinion filed January 8, 2010.

*Edward C. Hageman*, of Edward C. Hageman, P.A., of Stockton, for appellant.

*Joseph W. Jeter*, of Jeter Law Firm, LLP, of Hays, and *Kimberly Wolf Renyer*, of Quinter, for appellees.

Before HILL, P.J., CAPLINGER and LEBEN, JJ.

HILL, J.: This is a dispute between the owner of a tract of land and the owner of the mineral rights to that same tract. The land-owner entered into a lease allowing a third party (the oil and gas lease operator) to dispose of saltwater deep beneath the surface of the real estate. The mineral rights owner objected, arguing anyone wishing to dispose of saltwater on the property must have the consent of both the landowner and the mineral rights owner. The district court disagreed and ruled that since the disposal of saltwater in this case in no way affects oil and gas production, the landowner could lawfully make the disposal agreement with the third party without the consent of the mineral rights owner. We agree.

### The property was sold, but the mineral rights were retained.

After inheriting a tract of land, Hugh C. Dick and Carol Kay Humes Brown formed Dick Properties, LLC, in 2004 and deeded their share of the land to Dick Properties, LLC. The legal description of the real estate is:

"The Southwest Quarter (SW1/4) of Section 8, Township 10 South, Range 19 West, of the Sixth P.M., Rooks County, Kansas."

Then, in 2005, Dick Properties conveyed the tract to Leland Schonthaler. The deed conveyed all rights in the real estate to Schonthaler but excepted all "[e]asements, rights of way, mineral reservations, oil and gas leases, and restrictions of record." In turn, Schonthaler deeded the land to himself and his wife in joint tenancy. Thus, the Schonthalers own the land as joint tenants, and Dick Properties owns all mineral interests in the land.

There is oil and gas production on the property. An oil and gas lease, made in October 1988, is still in effect because of continuous oil and gas production. The owner of the current working interest in the oil and gas lease is the Paul Bowman Oil Trust, and the current royalty owner is Dick Properties.

*After buying the property, the Schonthalers made a new saltwater disposal lease.*

Before the LLC was formed, the Paul Bowman Oil Trust made a 10-year saltwater disposal agreement with the prior owners of the real estate. The Dick No. 3 well was a dry hole, so Bowman Oil converted the well into a saltwater disposal well. The well conveys saltwater produced from the Dick lease and other leases into the Granite Wash, a geological formation located below the Arbuckle and the Lansing-Kansas City producing formations. The parties agree and the district court found that the operation of this well as a saltwater disposal well does not interfere with further development of any oil and gas reserves found in the property.

In August 2007, Bowman Oil sent Dick Properties $950 to pay for saltwater disposal for 2004 and part of 2005. Bowman Oil told Dick Properties it intended to pay the remaining 2005 rent to the Schonthalers because, in its view, the saltwater disposal agreement went with the land. Dick Properties responded to this letter by indicating that it was cancelling the saltwater disposal agreement revision made on March 1, 2004, and that it would like to negotiate a new agreement with Bowman Oil and returned the $950 check. Dick Properties wanted the new agreement to be between the LLC, the Schonthalers, and Bowman Oil. It wanted Dick Properties and the Schonthalers to have equal rental payments for the disposal well.

Eventually, Bowman Oil paid the Schonthalers rental payments for the period of August 2005 to date. The Schonthalers and Bowman Oil signed a new saltwater disposal agreement in February 2008. Bowman Oil continues to operate the oil and gas lease and continues to dispose of saltwater into the saltwater disposal well on the land.

*The court decided the matter through summary judgment.*

Taking their controversy to court, Dick Properties sued the Paul Bowman Oil Trust, claiming that Bowman Oil could not make a lease with just the Schonthalers. The parties agreed to the facts. The district court ruled in favor of Bowman Oil, determining that under the stipulated facts the surface rights owner in this case has

the right to make a saltwater disposal agreement. In its ruling, the district court maintained this case is unique and fact driven. Even though Dick Properties wanted "the court to adopt a general rule that both the surface and mineral rights owners should join in a saltwater disposal lease," the district court limited its decision to the particular facts of this case. Simply put, the district court ruled that because there are no facts that indicate there is any interference with the rights of Dick Properties as the mineral rights owner or Bowman Oil as the oil and gas lessee, the Schonthalers could enter into a saltwater disposal agreement without the concurring agreement of the mineral rights owner.

*Because of the parties' fact stipulations, our review is unlimited.*

Where the controlling facts are based upon written or documentary evidence from pleadings, admissions, depositions, and stipulations, an appellate court has an opportunity to examine and consider the evidence, as did the trial court, and to determine de novo what the facts establish. Additionally, appellate review of the trial court's conclusions of law is unlimited. *Crawford v. Hrabe*, 273 Kan. 565, 570, 44 P.3d 442 (2002).

*We offer a brief review of fundamental real property law.*

For almost a hundred years, parties have had the ability under Kansas law to sever title of a mineral estate from real estate. *Mining Co. v. Atkinson*, 85 Kan. 357, 360, 116 P. 499 (1911). After severance, two separate estates exist, each held by separate and distinct titles in severalty. Each estate is then a freehold estate, the inheritance of which is independent of the other. 85 Kan. at 360.

Our Supreme Court has held that the owner of a severed mineral estate has the implied right to enter onto the overlying surface of the land to make reasonable use of the land in order to explore and develop the mineral estate. *Mai v. Youtsey*, 231 Kan. 419, 424, 646 P.2d 475 (1982). Furthermore, in more recent cases, courts have held an oil and gas lease, by implication, conveys upon the lessee the right to drill and operate a saltwater disposal well on the leased premises and dispose of on-lease water. See *Crawford*, 273

Kan. 565; *Colburn v. Parker & Parsely Dev. Co.*, 17 Kan. App. 2d 638, Syl. ¶¶ 1-3, 842 P.2d 321 (1992).

*Dick Properties contends the law, by implication, gives it the right to make a disposal lease.*

Dick Properties contends that because an oil and gas lessee, under the rulings in *Crawford* and *Colburn*, has the implied right to drill a well and dispose of saltwater, then it, as the owner of the mineral interests, should have the same right as the lessee and be able to enter into a saltwater disposal agreement. But we are not persuaded that is the right course to take here.

*Crawford* and *Colburn* are not persuasive in this context. First, we note both cases interpret oil and gas leases, not a saltwater disposal agreement, which is at issue here. Second, those cases specifically confer the right onto the *lessee* to drill and dispose of saltwater, not onto the mineral estate owner. The courts ruled the right to dispose of saltwater arose from a covenant implied (by court interpretation) in the granting clause of the oil and gas lease. Therefore, in this case, Bowman Oil already had the implied right to dispose of saltwater produced on the lease. Indeed, K.S.A. 55-901(a) provides: "The owner or operator of any oil and gas well which may be producing . . . salt water . . . shall have the right to return such waters to any horizon from which such waters may have been produced." But that does not solve the issue here.

We recognize that saltwater is a waste product from the extraction and production of oil and gas. When Bowman Oil wanted to dispose of saltwater produced on *other* oil and gas leases into this same disposal well, a saltwater disposal lease was in order, simply because the court-created implied covenant is limited to saltwater produced on the lease and does not extend to saltwater produced on other leases.

*We must review what Dick Properties owns.*

We do not think Dick Properties retains sufficient interest in this real estate that would require it to be a party to a saltwater disposal lease. By deed, Dick Properties conveyed all rights to the real estate to Schonthaler but excepted all "[e]asements, rights of

way, mineral reservations, oil and gas leases, and restrictions of record." In our view, what Dick Properties reserved was simply the mineral interests to the real estate.

What does that mean? It has been stated the "owner of the mineral estate has the right to explore, develop and produce oil and gas and, generally, to use as much of the surface of the land as is reasonably necessary for carrying out such activities. [The owner] can also transfer these rights to another party. Such transfers are most typically accomplished by executing an oil and gas lease." Anderson, Dzienkowski, Lowe, Peroni, Pierce & Smith, Hemingway Oil and Gas Law and Taxation § 2.2, p. 39 (4th ed. 2004). Applying that principle here means all rights to explore and develop the oil and gas on this property have already been granted to Bowman Oil because of the execution of the oil and gas lease. All Dick Properties can do with respect to this oil and gas lease is to receive whatever bonuses, rents, or royalties come due from any oil and gas production on the property.

Next, we point out that we see no reservation of any interest in the real estate that gives Dick Properties the right to enter into a saltwater disposal lease for saltwater produced off premises. There is no mention of the existing saltwater disposal agreement in the deed to Schonthaler. In order to except a covenant from a transfer in a deed, the exception must expressly appear or be necessarily implied in the terms of the grant. *Tri-State Hotel Co., Inc. v. Sphinx Investment Co., Inc.*, 212 Kan. 234, 245, 510 P.2d 1233 (1973). Therefore, we hold Dick Properties transferred the rights to the saltwater disposal agreement to Schonthaler by execution of the deed.

Therefore, upon a de novo review, we hold the district court did not err in determining that the Schonthalers had the right to enter into a saltwater disposal agreement with Bowman Oil. The Schonthalers obtained this right because the original saltwater disposal agreement between Dick Properties and Bowman Oil ran with the land and transferred to the Schonthalers because it was not excepted in the deed from Dick Properties to Schonthaler.

Affirmed.